UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT PARKMAN, | : | |
|     Plaintiff, | : | No. 3:19-cv-1575 (KAD) |
| | : | |
|     v. | : | |
| | : | |
| JOHN DOE, et al., | : | |
|     Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER**

**Preliminary Statement**

Plaintiff, Robert Parkman ("Parkman"), currently confined at Brooklyn Correctional Institution in Brooklyn, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 alleging, *inter alia,* violation of his due process rights. Parkman names two defendants, State of Connecticut Superior Court GA 14 Court Operations John Doe and Commissioner of Correction Rollin Cook. He challenges his violation of probation adjudication and his subsequent placement in a sex offender treatment unit at the Department of Correction. Parkman seeks damages and unspecified injunctive relief. The complaint was received on October 7, 2019, and Parkman's motion to proceed *in forma pauperis* was granted on October 17, 2019.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must

assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On August 2, 2016, Parkman appeared in Hartford Superior Court, GA 14, for a violation of probation hearing. Doc. No. 1 ¶ 1. Parkman met with a court-appointed lawyer and explained that he did not have "sex offender probation." *Id.* The lawyer advised Parkman that if he pled guilty to the violation, he would be released. *Id.* Parkman alleges that, due to a conflict of interest, the lawyer was representing the court rather than Parkman. *Id.* The judge determined that Parkman had violated probation by not complying with "sex offender S.M.U. unit," a condition that was not part of the original plea agreement. *Id.*

Parkman states that he was confused during the plea canvas but pleaded as his attorney recommended, assuming he would then be released. Id. ¶ 2. The judge belittled Parkman "as if [he] was the problem" and said that Parkman would be taking a ride. *Id.* Parkman was sentenced to a sex offender unit for treatment and is now confined at Brooklyn Correctional Institution. *Id.* Parkman was not told that he would be confined if he pleaded guilty. *Id*. ¶ 3. He

takes issue with the Court's conduct and the canvas at this plea.

**Discussion**

Parkman alleges that his sentence violates due process and is illegal because confinement in the sex offender unit violates his right to be free from double jeopardy. *Id.* ¶¶ 6-7. He also asserts that the state court cannot modify the conditions of his probation without a hearing and a showing of good cause. *Id.* ¶ 5.

Parkman seeks damages and unspecified injunctive relief. First, if the injunctive relief includes a release from custody, it is not cognizable in a §1983 action. It is well established that where a state prisoner challenges the fact of his imprisonment and seeks relief in the form of an order for his immediate or speedier release from custody, he cannot bring suit under 42 U.S.C. § 1983; he must file a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S.475, 500 (1973).

Nor are Parkman's claims for damages cognizable in this action. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order for a prisoner to recover damages under section 1983 arising out of an unconstitutional conviction or imprisonment, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. When evaluating such a claim, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has already been invalidated." *Id.* at 487. Further, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the

Supreme Court explained that a §1983 action is barred regardless of the relief sought if success in the lawsuit would necessarily establish the invalidity of confinement or the duration of that confinement. *Id.* at 81-82.

Parkman alleges that he was found to have violated his probation for failure to comply with conditions relating to sex offender treatment and he was returned to prison in a sex offender unit when sex offender treatment was not a condition of his probation. In order to prevail on this claim, the trier of fact would have to find that Parkman's violation of probation adjudication and sentence to a sex offender treatment unit violated the Double Jeopardy Clause, or that imposition of this condition was an improper modification of his probationary sentence. Such a finding would necessarily imply the invalidity of the probation revocation proceeding. S*ee, e.g., Cougle v. County of DeSoto, Miss*., 303 F. App'x 164, 165 (5th Cir. 2008) (affirming grant of summary judgment under *Heck* where complaint challenging search and arrest would necessarily imply invalidity of revocation of probation); *Williams v. Texas Criminal Dist. Court No. 3*, No. 4:14-CV-863-A, 2014 WL 7398947, at *2 (N.D. Tex. Dec. 30, 2014) (dismissing as frivolous under *Heck* a claim challenging validity of probation revocation); *Wilson v. Satori*, No. 11-1400, 2012 WL 4111650, at *3 (W.D. Pa. Aug. 16, 2012) (dismissing complaint because plaintiff had not pleaded that his probation revocation had been called into question), *report and recommendation adopted by*, 2012 WL 4111697 (W.D. Pa. Sept. 18, 2012); *see also, e.g., Morse v. Nelson*, No. , 2010 WL 466157, at *3 (D. Conn. Feb. 9, 2010) (applying *Heck* requirement to revocation of parole).

As Parkman does not allege facts suggesting that his probation revocation proceeding has been declared invalid under one of the criteria set forth in *Heck*, his claims are dismissed

4

pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will not construe this complaint as a habeas petition filed pursuant to 28 U.S.C. § 2254 to challenge the revocation of probation. Before filing a petition for writ of habeas corpus, the petitioner must exhaust his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do this, Parkman must raise his claims before the highest state court. *See Bossert v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054 (1995). Parkman alleges that he has been pursuing this issue in the Connecticut Superior Court. Doc. No. 1 ¶ 4. He does not allege that he has brought the issue to the Connecticut Appellate Court or Connecticut Supreme Court. Thus, he does not appear to have exhausted his state court remedies and this Court will not consider the complaint as a petition for writ of habeas corpus.

**Orders**

For all the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of October 2019.

/s/
Kari A. Dooley
United States District Judge